# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2011

No.  09-50668

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

SEAN MICHAEL BLOCK,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, and DENNIS and CLEMENT, Circuit Judges.

PER CURIAM:

Sean Michael Block appeals his conviction for aiding and abetting Jennifer Louise Richards in efforts to sell custody of her daughter for purposes of sexual exploitation and the creation of child pornography in violation of 18 U.S.C. § 2251A(a).  Contrary to Block's arguments, the statutory definition of "custody or control" encompasses the transaction he and Richards attempted to complete.

## I.  Background

Sean Michael Block and Jennifer Louise Richards began a romantic relationship in January 2008.  During the ensuing months, they discovered a shared interest in a variety of sexual fetishes.  At Block's suggestion, they began

No.  09-50668

discussing relationships with minor children, a fantasy that led Block to propose exploitation of Richards's own daughters.  Block proposed both that the couple themselves engage in sexual acts with Richards's daughters and that they make money by selling the girls to other adult men.  To that end, he introduced Richards to William Gholson, a man who frequented the bar at which Block worked and discussed his interest in younger women.  Unknown to Block, Gholson was an FBI informant.  In the course of several conversations, Block and Richards negotiated a deal with Gholson that would allow him to engage in and photograph his sexual conduct with Richards's five-year-old daughter.  Richards insisted on several limitations, including her presence at the initial interactions and a ban on vaginal penetration.  In exchange, Gholson paid Richards $300 in cash and promised to obtain an apartment and car for her.

The FBI arrested both Block and Richards.  Richards pled guilty to selling or transferring custody of a minor child with knowledge that the child would be used in the production of child pornography.  She also agreed to cooperate with the government's case against Block.  After a four-day trial, which included testimony from both Richards and Gholson, a jury convicted Block of aiding and abetting the crime to which Richards pled guilty and of distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2).  Block moved for judgment of acquittal at the close of the government's case and again at the close of all evidence.  The district court denied both motions.  Block appeals.

## II.  Standard of Review

Following a timely motion for judgment of acquittal, this court reviews the sufficiency of the evidence *de novo*.  *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007).  We will affirm the jury's verdict unless no "rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt."  *United States v. Miles*, 360 F.3d 472, 467-77 (5th Cir. 2004).

No. 09-50668

The government argues that this court should review for a "manifest miscarriage of justice" because Block's motion for judgment of acquittal did not clearly challenge the sufficiency of the evidence. *See, e.g.*, *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007). When a defendant's motion for judgment of acquittal 'asserts *specific grounds* for a specific element of a specific count . . . , he waives all others for that specific count.'" *United States v. Herrera*, 313 F.3d 882, 884 (5th Cir. 2002) (en banc) (emphasis in original). In the present case, Block's attorney stated that "the evidence has failed wholly . . . Sean Block has not been shown to have aided or abetted Jennifer Louise Richards [in violating § 2251A]." In ruling on the motion, the district court found "that there are fact questions for a jury determination as to all the different elements of the offenses charged." We conclude that the motion was a general challenge to the sufficiency of the evidence, and the district court's reference to "all the different elements" confirms this conclusion. Accordingly, the *de novo* standard applies.

### III.  Discussion

Block argues that the evidence concerning the "custody or control" that he and Richards proposed to give Gholson fails to prove a violation of § 2251A. He misreads the statute. The statute does not require transfer of full parental authority; something less than the control a parent exercises—including, as here, limitations in time and scope—suffices to violate the law.

The statute punishes "[a]ny parent, legal guardian, or other person having custody or control of a minor who sells or otherwise transfers custody or control of such minor, or offers to sell or otherwise transfer custody of such minor" with knowledge that the child will be depicted in child pornography. 18 U.S.C. § 2251A(a). The term "custody or control" is a defined term. It "includes *temporary* supervision over or responsibility for a minor whether legally or illegally obtained." 18 U.S.C. § 2256(7) (emphasis added).

No. 09-50668

Block contends that the repetition of "custody or control" in § 2251A implies that the "custody or control" that the parent transfers must be coextensive with the "custody or control" that a parent or guardian exerts over a child. Because a parent's control is permanent and unchecked by another adult, Block argues that a transfer of limited or temporary control does not violate the law.

Block's reading does not square with the statutory text and would delete the definition in § 2256(7). We decline to make statutory provisions meaningless: "It is a basic precept of statutory construction that we should . . . not construe statutes in a way that renders words or clauses superfluous." *Wheeler v. Pilgrim's Pride Corp.*, 591 F.3d 355, 375 (5th Cir. 2009) (en banc). The plain language of § 2256(7) includes "temporary supervision." Although this case presents a matter of first impression in the Fifth Circuit, we are not alone in enforcing the statute's internal lexicon. The Eleventh Circuit has concluded that the "custody or control" in question need not be permanent. *United States v. Frank*, 599 F.3d 1221, 1236 (11th Cir. 2010). Moreover, even absent the definition in § 2256(7), Block's argument that § 2251A somehow equates "custody or control" with full parental rights fails. The statute refers to a "parent, legal guardian, or *other person having custody or control*." 18 U.S.C. § 2251A(a) (emphasis added). The reference to custody or control describes the "other person," not a parent or legal guardian. Inferring on the basis of this language that "custody or control" necessarily refers to the array of parental rights is a misreading of the text. Obviously, for example, the proprietor of a day care center could have "custody or control" under this provision.

On the facts of this case, Richards and Block attempted to transfer custody or control of Richards's daughter to Gholson. In one recorded conversation, Gholson proposed that "maybe some Saturday you'd let me take her to say Sea World by myself . . . with the knowledge that if, if everything is right that

4

No. 09-50668

I might try to act out a little bit sexually with her as long as she wanted to?" Richards responded, "Yeah, that would be okay with me." This agreement is sufficient to establish the contested element of Block's crime under § 2251A even under his narrow interpretation. But another attempted transfer of control occurred in the agreement to allow Gholson to engage in sexual contact with Richards's daughter with Richards present. Because the statute does not require a transfer of the full panoply of parental control, Richards could impose limitations on Gholson's actions while still transferring custody or control within the statutory meaning. Thus, the basic deal between Richards and Gholson, independent of the latter's plans to take the child alone to Sea World, violated § 2251A.

Finally, Block argues that the rule of lenity prevents his conviction under § 2251A. Lenity is appropriate where "there is a grievous ambiguity or uncertainty in the statute." *Muscarello v. United States*, 524 U.S. 125, 138-39, 118 S. Ct. 1911, 1919 (1998). According to Block, "grievous ambiguity" exists in the meaning of "custody or control," and lenity is necessary to avoid punishing the same conduct under §§ 2251 and 2251A. The Fourth Circuit rejected precisely this argument in *United States v. Buculei*, 262 F.3d 322, 333 (4th Cir. 2001), explaining that no ambiguity existed as to the applicability of § 2251A. *Id.* Additionally, the unambiguous meaning of § 2251A does not duplicate § 2251; the latter punishes a defendant who "persuades" or "induces" a child to engage in sexually explicit conduct without having custody or control of the minor. 18 U.S.C. § 2251(a). Where the law is unambiguous, the rule of lenity does not apply.

With a proper understanding of the law, Block's claim that there was insufficient evidence to conclude that he aided and abetted Richards in offering to sell or transfer custody or control of the latter's daughter in violation of

No. 09-50668

18 U.S.C. § 2251A fails.   His appeal to the rule of lenity is similarly unpersuasive.

For the foregoing reasons, the conviction is **AFFIRMED.**